# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH WATTS, | ) | CASE NO.  4:07CV3792 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| WARDEN GUNJA, C.C.C., | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December12, 2007, petitioner *pro se* Joseph Watts filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Warden Gunja, Corrections Corporation of America (CCC). Mr. Watts, who is incarcerated at CCC, asserts that the Bureau of Prisons (BOP) failed to provide sufficient jail-time credit to his sentence. He is seeking immediate release.

## *Background*

It appears that in October 1989, Mr. Watts was removed from New York state prison by a writ of habeas corpus *ad prosequendum*. The purpose of the writ was to face federal charges leveled against Mr. Watts for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He subsequently pleaded guilty to the offense and was sentenced in the United States District Court for the Eastern Division of New York to fifteen (15) months in prison on March 14, 1990. *United States v. Watts*, No. CR89-584 (E.D. NY 1989). The court

ordered the sentence to run consecutively to the state sentence petitioner was serving at the time. On March 6, 2007, New York State released petitioner on parole from his state sentence.

In his present petition, Mr. Watts asserts that he is now entitled to immediate release. From the time the State of New York released him on parole in March 2007 until November 2007, petitioner claims he served 85% of the term he was ordered to serve on his federal sentence. He reasons that if statutory good time credit were calculated and applied to this term he would be eligible for immediate release from prison.

In a letter attached to the petition, dated October 20, 2007, Mr. Watts requested a copy of his prison sentence "time computation sheet" from the BOP. BOP Operations Manager Georgina Macias-Carson replied to his request in a letter dated November 13, 2007. She advised Mr. Watts that the BOP had not yet received a request for his prison designation from the United States Marshal Service. Petitioner was instructed that once he arrived at a designated facility he was entitled to a copy of his "federal sentence computation from institution Records Office staff." (Letter of 11/13/07 from Macias-Carson to Watts.) There is no indication that he received a designation from the BOP, but the present petition is the next recorded action Mr. Watts pursued.

### 28 U.S.C. § 2241

Courts have uniformly held that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners are required, however, to

exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16, may the prisoner then seek § 2241 judicial review.[1] *United States v. Oglesby*, No. 02-3143, 714, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, No. 01-3426, 2001 WL 1450759 (6th Cir. Oct. 30, 2001). As the Sixth Circuit noted, however, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001) (quoting *Taylor v. United States*, No. 95-5150, 1995 WL 460512 (6th Cir. Aug.2, 1995)). This case is a perfect example of a circumstance within which the BOP's input would be critical. It is not clear that Mr. Watts has been designated for a federal prison, to date, and without any computation of his federal sentence this court cannot evaluate the merits of Mr. Watts's claim. Thus, the petition is dismissed without prejudice for failure to exhaust administrative remedies.

---

[1] A letter to the BOP requesting a printout of his sentence computation is not sufficient to satisfy the exhaustion requirement. The Code of Federal Regulations sets forth the process Mr. Watts must follow in order to exhaust his administrative remedies in section 542.10, Title 28.

*Conclusion*

For all the foregoing reasons, Mr. Watts is granted leave to proceed *in forma pauperis* and his petition is dismissed without prejudice for failure to exhaust administrative remedies. The court certifies that an appeal from this dismissal could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: February 14, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

4